ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

# 08 CV 01835

-------------------------------------------------------------X

KARRIEM SMITH,

                      Plaintiff,

      -against-

CITY OF YONKERS, CITY OF YONNKERS POLICE
DEPARTMENT, JOHN and JANE DOES 1-10,
individually and in their official capacities, (the names John
and Jane Doe being fictitious, as the true names are
presently unknown),

                      Defendants,

-------------------------------------------------------------X

**COMPLAINT**

Index No.

Jury Trial Demanded

RECEIVED
08 FEB 22 PM 7:04
U.S. DISTRICT COURT
S.D.N.Y.

FILED
FEB 2 2 2008
S.D. OF N.Y.

Plaintiff KARRIEM SMITH, by his attorneys, Leventhal & Klein, LLP, complaining of
the defendants, respectfully alleges as follows:

### Preliminary Statement

1.    Plaintiff brings action for compensatory damages, punitive damages and
attorney's fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of his civil rights, as said
rights are secured by said statutes and the Constitution of State of New York and the United
States, as well as New York State common law.

### JURISDICTION

2.    The action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth
and Fourteenth Amendments to the United States Constitution.

3.    Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

1


USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:

## VENUE

4.      Venue is properly laid in the Southern District of New York under 28 U.S.C. §
1391(b), in that it is the District in which the claim arose and insofar as the defendants are
subject to personal jurisdiction in this District.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to
Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff KARRIEM SMITH is a citizen of the United States, and at all relevant
times a resident of the City of YONKERS, New York.

7.      Defendant CITY OF YONKERS was and is a municipal corporation duly
organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF YONKERS maintains the CITY OF YONKERS POLICE
DEPARTMENT, a duly authorized public authority and/or police department, authorized to
perform all functions of a police department as per the applicable sections of the aforementioned
municipal corporation, CITY OF YONKERS.

9.      That at all times hereinafter mentioned, the individually named defendants, JOHN
and JANE DOES 1-10, were duly sworn police officers of said department and were acting
under the supervision of said department and according to their official duties.

10.      That at all times hereinafter mentioned the defendants, either personally or
through their employees, were acting under color of state law and/or in compliance with the
official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New
York or the CITY OF YONKERS and the CITY OF YONKERS POLICE DEPARTMENT.

2

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF YONKERS and the CITY OF YONKERS POLICE DEPARTMENT.

12.     Each and all of the acts of the defendant alleged herein were done by said defendants while acting in furtherance of their employment by defendant CITY OF YONKERS and the CITY OF YONKERS POLICE DEPARTMENT.

## FACTS

13.     The following is a summary.  On November 26, 2006 at approximately 1:30 p.m., plaintiff KARRIEM SMITH was a lawfully present inside 1 Shoonard Terrace, Apartment 1A, in the City of YONKERS, County of Westchester, and State of New York.

14.     At the aforesaid time and place, the defendants, members of the CITY OF YONKERS POLICE DEPARTMENT, acting under color of law, unlawfully assaulted, beat and battered the plaintiff by repeatedly and unjustifiably punching, kicking and striking plaintiff on his head, face, ribs, back and legs.  Plaintiff's hands were roughly pulled behind his back whereupon the defendants purposely placed excessively tight handcuffs on his wrists, and thereafter refused to loosen them despite plaintiff's complaints that they were painful.

15.     As a result of the foregoing, plaintiff KARRIEM SMITH sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

### Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights under 42 U.S.C. § 1983)

16.     Plaintiff repeats, reiterates and realleges each and every allegation contained in

3

paragraphs "1" through "15" with the same force and effect as if fully set forth herein.

17.    All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

18.    All of the aforementioned acts deprived plaintiff KARRIEM SMITH of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United of America, and in violation of 42 U.S.C. §1983.

19.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

20.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF YONKERS and the CITY OF YONKERS POLICE DEPARTMENT, all under the supervision of ranking officers of said department.

21.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## AS AND FOR A SECOND CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

22.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "21" with the same force and effect as if fully set forth herein.

23.    Plaintiff was subjected to excessive force.

24.    As a result of the aforementioned conduct of defendants, plaintiff's constitutional

4

right to be free from excessive force was violated.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

25.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "24" with the same force and effect as if fully set forth herein.

26.    Defendants had an affirmative duty to intervene on behalf of plaintiff KARRIEM SMITH, whose constitutional rights were being violated in their presence by other officers.

27.    The defendants failed to intervene to prevent the unlawful conduct described herein.

28.    As a result of the foregoing, plaintiff KARRIEM SMITH'S liberty was restricted for an extended period of time, he was put in fear of his safety, he was humiliated and subjected to handcuffing and other physical restraints, and subjected to excessive force.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Supervisory Liability under 42 U.S.C. § 1983)

29.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "28" with the same force and effect as if fully set forth herein.

30.    The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

## AS AND FOR AN FIFTH CAUSE OF ACTION
### (Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

31.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "30" with the same force and effect as if fully set forth herein.

32.    The defendants conduct herein was an abuse of executive power so clearly

unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

33.    As a result of the foregoing, plaintiff KARRIEM SMITH was deprived of his liberty and right to substantive due process, causing severe and permanent emotional and physical injuries.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Municipal Liability under 42 U.S.C. § 1983)

34.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "33" with the same force and effect as if fully set forth herein.

35.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

36.    The aforementioned customs, policies, usages, practices, procedures and rules of the CITY OF YONKERS and the CITY OF YONKERS POLICE DEPARTMENT included, but were not limited to, the use of excessive force and/or retaliation against citizens who question the conduct of Yonkers Police Officers. In addition, the CITY OF YONKERS and the CITY OF YONKERS POLICE DEPARTMENT engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff KARRIEM SMITH'S rights as described herein. As a result of the failure of the CITY OF YONKERS and the CITY OF YONKERS POLICE DEPARTMENT to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendants CITY OF YONKERS and the CITY OF YONKERS POLICE DEPARTMENT have tacitly authorized, ratified, and have been deliberately indifferent to, the

6

acts and conduct complained of herein.

37.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF YONKERS and the CITY OF YONKERS POLICE DEPARTMENT constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff KARRIEM SMITH.

38.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF YONKERS and the CITY OF YONKERS POLICE DEPARTMENT were the direct and proximate cause of the constitutional violations suffered by plaintiff KARRIEM SMITH as alleged herein.

39.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF YONKERS and the CITY OF YONKERS POLICE DEPARTMENT were the moving force behind the Constitutional violations suffered by plaintiff KARRIEM SMITH as alleged herein.

40.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF YONKERS and the CITY OF YONKERS POLICE DEPARTMENT, plaintiff KARRIEM SMITH was unlawfully arrested, prosecuted, 0assaulted and battered.

41.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff KARRIEM SMITH'S constitutional rights.

42.    All of the foregoing acts by defendants deprived plaintiff KARRIEM SMITH of federally protected rights, including, but not limited to, the right:

   A.  Not to be deprived of liberty without due process of law;

   B.  To be free from the use of excessive force;

C.     To be free from the failure to intervene.

43.     As a result of the foregoing, plaintiff KARRIEM SMITH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## Supplemental State Law Claims

44.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45.     Within ninety (90) days after the claims herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF YONKERS, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

46.     The CITY OF YONKERS has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

47.     The action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

48.     Plaintiff has complained with all conditions precedent to maintaining the instant action.

49.     Their action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR AN SEVENTH CAUSE OF ACTION
### (Assault under the laws of the State of New York)

50.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51.    As a result of the foregoing, plaintiff KARRIEM SMITH was placed in apprehension of imminent harmful and offensive bodily contact.

52.    As a result of defendant's conduct, plaintiff KARRIEM SMITH has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## AS AND FOR A EIGHTH CAUSE OF ACTION
### (Battery under the laws of the State of New York)

53.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

54.    Defendants made offensive contact with plaintiff without privilege or consent.

55.    As a result of defendant's conduct, plaintiff KARRIEM SMITH has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## AS AND FOR A NINTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress under the laws of the State of New York)

56.    Plaintiff repeats, reiterates and each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57.    The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

58.    The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF YONKERS.

59.    The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF YONKERS.

60.    The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff KARRIEM SMITH.

61.    As a result of the aforementioned conduct, plaintiff KARRIEM SMITH suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

## AS AND FOR A TENTH CAUSE OF ACTION
### (Negligent Screening, Hiring, and Retention under the laws of the State of New York)

62.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph numbered "1" through "61" with the same force and effect as if fully set forth herein.

63.    Upon information and belief, defendants CITY OF YONKERS and the CITY OF YONKERS POLICE DEPARTMENT failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff KARRIEM SMITH.

64.    Defendants CITY OF YONKERS and the CITY OF YONKERS POLICE DEPARTMENT knew or should have know in the exercise of reasonable care the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in the Complaint.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
### (Negligent Training and Supervision under the laws of the State of New York)

65.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "64" with the same force and effect as if fully set forth herein.

66.    Upon information and belief the defendants CITY OF YONKERS and the CITY OF YONKERS POLICE DEPARTMENT failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiff KARRIEM SMITH.

## AS AND FOR A TWELFTH CAUSE OF ACTION
### (Negligence under the laws of the State of New York)

67.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "66" with the same force and effect as if fully set forth herein.

68.    Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendants CITY OF YONKERS and the CITY OF YONKERS POLICE DEPARTMENT and their employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
### (*Respondeat Superior* liability under the laws of the State of YONKERS)

69.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "68" with the same force and effect as if fully set forth herein.

70.    Defendants CITY OF YONKERS and the CITY OF YONKERS POLICE DEPARTMENT are vicariously liable for the acts of their employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

71.    As a result of the foregoing, plaintiff KARRIEM SMITH is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of their action.

**WHEREFORE**, plaintiff KARRIEM SMITH demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury:

(B) punitive damages in an amount to be determined by a jury:

(C ) reasonable attorney's fees and the costs and disbursements of their action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
February 21, 2008

LEVENTHAL & KLEIN, LLP
45 Main St., Suite 230
Brooklyn, New York 11201
(718) 722-4100

By: _____
BRETT H. KLEIN (BK4744)

Attorneys for Plaintiff KARRIEM SMITH

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

KARRIEM SMITH,

                                                    Plaintiff,

-against-

CITY OF YONKERS, CITY OF YONKERS POLICE
DEPARTMENT, and JOHN and JANE DOES 1 through
10, individually and in their official capacities, (the names
John and Jane Doe being fictitious, as the true names are
presently unknown),

                                                    Defendants.

-------------------------------------------------------------------X

## COMPLAINT

LEVENTHAL & KLEIN, LLP
Attorneys for Plaintiff Karriem Smith
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100